**(100 South. 684)**

**No. 26491.**

### DANIEL v. LOUISIANA RY. & NAV. CO.

### In re DANIEL.

(May 5, 1924.  Rehearing Denied by Whole Court June 6, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Carriers** ⊜⇒2—**Penal statute as to adjusting claim strictly construed.**

Act No. 29 of 1908, imposing penalty for failure of carrier to adjust claim, is a penal statute, and must be strictly construed.

2. **Carriers** ⊜⇒20(1.)—**Failure to file claim at place prescribed in statute precludes recovery of statutory penalty for delay in payment.**

Failure of consignee to file claim for loss at point of destination of shipment as required by Act No. 29 of 1908 *held* to preclude recovery by him of the statutory penalty for failure to pay the claim within time prescribed, though claim was properly filed at place to which it would have been forwarded had it been filed in accordance with statute.

Action by Willis R. Daniel against the Louisiana Railway & Navigation Company. Judgment for plaintiff in insufficient amount, and he applies for writ of certiorari. Judgment amended, and as amended affirmed.

E. S. Muse, of St. Francisville, for relator.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J.  Plaintiff sued defendant in the parish of West Feliciana for $87.35.  Of this sum $27 is alleged to be due for the loss occasioned plaintiff by defendant's failure to make a prompt delivery of a shipment of ice, the loss being due to the melting of the ice, $10.35 for the freight paid on the ice thus lost, and $50, the penalty alleged to be due by defendant for its failure to pay plaintiff the amount of his claim against it within the time prescribed by law.

The case was tried in the district court, and judgment was rendered in favor of plaintiff for the full amount prayed for, including the penalty of $50. Defendant then moved the court for a new trial. The motion was granted, and some months later the case was tried the second time, the trial resulting in a judgment for plaintiff for $37.35, the full amount of the loss sustained by him, including the freight paid, and for interest, but disallowing the penalty of $50. This judgment, before it was signed, was set aside by the court, of its own motion, and a new trial granted. The case was immediately resubmitted on the evidence previously adduced, and judgment was rendered in favor of plaintiff for $35 and interest, and rejecting plaintiff's demand for the $50 penalty. As will be observed, the judgment last mentioned is for $2.35 less than the amount of the loss claimed, including the freight paid.

Plaintiff then made application to this court to issue a writ of certiorari for the purpose of reviewing the proceedings had;

to set aside the last judgment rendered, and to render judgment for the full amount of the loss sued for, and for the penalty of $50 and interest. Plaintiff alleges in this application, in substance, that the trial judge granted, of his own motion, the second new trial, and rendered the third judgment for $2.35 less than the amount of the loss claimed, for the sole and only purpose of laying a foundation for the rejection of the penalty of $50.

The writ of certiorari prayed for was granted. The trial judge, in making his return, has transmitted to this court the record in the case, and also another record, which includes the evidence adduced in the case before us. We have read the evidence, and our conclusion is that plaintiff has amply established that there is due him by defendant the $37.35 claimed, with interest thereon as prayed for in his petition. The question then is whether or not plaintiff is entitled to the penalty demanded by him.

The act upon which reliance is placed to recover the penalty, and the only law authorizing the imposition of such a penalty, is Act 29 of 1908. The act makes common carriers doing business in this state liable for the loss of or damage to property or freight while in their possession, and requires them to adjust and pay the loss, "within thirty (30) days in case of shipments wholly within the state and within sixty (60) days in case of shipments from without the state after the filing of such claim with the agent of such common carrier at the point of destination of such shipment. * * *" The act then provides:

"That in case of failure of such common carrier to adjust and pay such claim within the periods respectively herein prescribed such failure shall subject such common carrier so failing to a penalty of fifty (50) dollars for each and every failure to be recovered by any consignee or consignees aggrieved in any court of competent jurisdiction: Provided that unless said consignee or consignees recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of loss or damage with legal interest as aforesaid. * * *"

Plaintiff, as we have seen, has established that he is entitled to the full amount of the loss or damage for which he brought suit. He has also shown that the shipment was an intrastate shipment, and that he filed his claim at the Shreveport office of defendant, more than 30 days prior to the institution of his suit, for the amount later sued for by him, and that defendant acknowledged receipt of his claim, but failed to adjust and pay it.

[1] However, Shreveport was not the point of destination of the shipment, and the statute provides that the delay allowed the carrier for adjusting and paying the claim begins to run from the filing of it with the agent of the carrier at the point to which the shipment is made. How, then, can it be said that defendant has failed to pay the claim within 30 days from the filing of it with defendant's agent at the point to which the shipment was made, when plaintiff, so far as appears, has not filed the claim with that agent? True, it may be strict construction to hold that the filing of the claim at the Shreveport office is not sufficient to lay the basis for the recovery of the penalty, when, in all probability, the claim would have been sent to that office had it been filed with defendant's agent at the point to which the shipment was made; but it must be borne in mind that that part of the statute imposing the penalty is penal, and, being so, should be strictly construed. As said in Cyc.:

"In order to enforce a penalty against a person, he must be brought clearly within both the spirit and the letter of the statute; and a private individual who seeks to recover a penalty imposed by statute must bring himself clearly within the terms of the statute, and must pursue the method pointed out by the statute in all possible strictness." 36 Cyc. p. 1187.

[2] For the reasons assigned, it is ordered that the judgment under review be amended so as to allow plaintiff said sum of $37.35, instead of $35, with legal interest thereon from judicial demand, and as thus amended that it be affirmed.

Rehearing refused by the WHOLE COURT.