STOULIG, Judge.
This is an appeal from a judgment awarding plaintiffs, Mr. and Mrs. William E. Snell, Jr., $414.44 for damages caused to their household goods by defendant, American Moving and Storage Company, Inc., together with statutory penalties and expert witness fees.
The evidence shows that plaintiffs engaged defendant moving company to transport on September 2, 1969, certain household goods from their Algiers, Louisiana, address to their new home in Baton Rouge, Louisiana. Prior to the placing of the furniture in the van, the truck driver for defendant made an itemized inventory of the goods to be transported, noting their condition in a special column marked “condition at origin,” by codal abbreviations, the legend for which was printed immediately above the descriptive list. Of the 34 items listed, all but one were described as either scratched, chipped, dented, gouged, torn, rusted, rubbed, loose or a combination thereof. At the bottom of the inventory there was printed the following statement: “We have checked all the items listed and numbered 1 to _ inclusive and ac *383 knowledge that this is a true and complete list of all the goods tendered and of the state of the goods received.” Immediately beneath this declaration there were spaces provided for the signatures of the customer and the defendant’s employee both at the point of origin and the point of destination. Mrs. Snell’s signature appears in both spaces, confirming that she signed the document at the time the furniture was delivered to the defendant in New Orleans and at the time of its receipt in Baton Rouge. However, it was only after she had signed for receipt of the goods that she noticed the damage to her furniture, whereupon she immediately notified the defendant’s agents in Baton Rouge.
This suit was filed on September 2, 1970, to enforce the collection of the damages and the judgment rendered therein resulted in this appeal.
Counsel for defendant argues that the trial court erred in disregarding the descriptive inventory, which showed that the furniture was not in good condition prior to receipt by it, despite Mrs. Snell’s testimony to the contrary. They submit that her signatures on the inventory at both the point of origin and destination constitute an acknowledgement of the condition of the furniture at those times and precludes her subsequent claim for damages. Counsel also contends that the court was in error in awarding statutory penalties; in improperly awarding interest from the alleged date of the claim rather than the date of judicial demand; and in granting expert witness fees to Mr. Coursey, a Baton Rouge interior decorator, who was called as a plaintiff witness.
In making its award to plaintiffs for the damage to their furniture, the court apparently placed great weight on the testimony of Mrs. Snell, obviously feeling that her signature on the descriptive inventory should not preclude recovery. We agree.
Mrs. Snell’s testimony indicated that the driver of the truck was anxious to return to New Orleans and that he departed, leaving the task of placing the furniture in her house to the defendant’s Baton Rouge employees. As a result, Mrs. Snell signed for receipt of the goods before she had an opportunity to examine the furniture and determine its condition. On that same day, after the furniture had been placed in her house, Mrs. Snell discovered the damages and immediately contacted defendant’s Baton Rouge .office by telephone notifying them of her complaint. She was advised by the defendant to obtain an estimate of the cost necessary to repair the damage. She then contacted Mr. Coursey, who estimated the cost of repairs at $414.-44.
Considering the circumstances surrounding the execution of the receipt, the affixing of her signature cannot be interpreted as a waiver of the right to make a claim for subsequently discovered damages occasioned by the defendant’s breach of its contractual duty to use due care in the transporting of her possessions. At most, it constitutes an acknowledgement against interest, and is only of evidentiary value to be considered along with any other evidence relating to the proof of her claim. The trial judge apparently was satisfied with Mrs. Snell’s explanation of the circumstances attendant upon her signing of the document and with other testimony which she gave concerning the damages. In the latter respect the court obviously concluded that additional damages were inflicted on the furniture while in transit and that the estimate of Mr. Coursey reflected the cost necessary to repair these damages. No effort was made by defendant to verify, by inspection or otherwise, if the plaintiffs’ furniture was, in fact, damaged. Nor was any evidence tendered by defendant to controvert the validity of plaintiffs’ claim, it being content to rely on the receipt signed by Mrs. Snell as a bar to plaintiffs’ right of recovery. In the light of our finding that the signing of the document did not, per se, bar recovery, we find that the trial judge committed no manifest error in recognizing the Snells’ claim.
*384 We cannot help but note that there are numerous circumstances which have raised questions in the mind of the court regarding the extent of the damage claimed by plaintiffs, thus causing as to doubt whether substantial justice has been accomplished. Nevertheless, it is not within the province of this court to go beyond the legal precepts set by our law and jurisprudence in an effort to achieve this goal, for in doing so we would destroy the very foundation upon which our system of justice is based. Therefore, we cannot hold as a matter of law that there is insufficient evidence in the record to sustain the trial court’s award to the plaintiffs for the total amount of their claimed damages, and, accordingly, that portion of the judgment will not be disturbed.
We turn now to the issues raised by the trial court’s award of statutory penalties and expert witness fees. The former were awarded in accordance with LSA-R.S. 45:1097 and 1098, which read as follows:
LSA-R.S. 45:1097:
“Every claim for loss of or damage to property or freight while in the possession of any common carrier doing business in Louisiana shall be adjusted and paid within thirty days in case of. shipments wholly within Louisiana and within sixty days in case of shipments from without the state after the filing of such claim with the agent of the common carrier at the point of destination of the shipment. No such claim shall be filed until after the arrival of the shipment or some part of it at the point of destination or until after the lapse of a reasonable time for arrival. In every case the. common carrier is liable for the amount of the loss or damage plus legal interest from the date of the filing of the claim and until the payment.”
LSA-R.S. 45:1098:
“If the common carrier fails to adjust and pay the claim within the periods respectively prescribed in R.S. 45:1097, such failure shall subject the common carrier to a penalty of fifty dollars for each failure to be recovered by any consignee aggrieved.
“Unless the consignee recovers in his action the full amount claimed, no penalty shall be recovered, but only the actual amount of loss or damage with legal interest as set forth in R.S. 45:1097.
“No common carrier shall be liable under this Section or under R.S. 45:1097 for freight or property which never came into its possession.”
Defendant argues that the plaintiffs did not offer any proof of compliance with LSA-R.S. 45:1097, which requires that a claim be filed with the carrier. We agree. Aside from Mrs. Snell’s telephone call, informing the defendant of the damages, there is no proof of any other contact by plaintiffs with defendant. No evidence, testimonial or otherwise, was offered to show that Mr. Coursey’s estimate of repairs was ever sent to defendant. Since the statute under which the damages are claimed is penal in nature, it must be strictly construed. Daniel v. Louisiana Ry. & Nav. Co., 156 La. 467, 100 So. 684 (1924). We find that the requisite compliance was not met, and, accordingly, hold that the penalties were improperly assessed.
In addition to statutory penalties, LSA-R.S. 45:1097 also provides for legal interest from the date of the filing of the claim until paid. Since we have already concluded that the plaintiffs failed to establish the filing of their claim as required by this article, their right to legal interest must run only from the date of judicial demand until paid.
With regard to Mr. Coursey’s acceptance as an expert witness, we believe the trial court was in error and that the fee of $50 was, therefore, improperly awarded. We are of the opinion that Mr. Coursey was not an expert within the meaning of LSA-R.S. 13:3666, which pro *385 vides for compensation of such witnesses. He merely affirmed his estimated cost of repairs and gave testimony which, while relevant to Mrs. Snell’s claim, did not fall within the realm of his expertise.
Accordingly, the judgment of the lower court is amended in part, affirmed in part, and reversed in part, and is recast so as to read as follows: It is now ordered that there be judgment in favor of the plaintiffs, Serita Cangemi, wife of/and William E. Snell, Jr., and against the defendant, American Moving and Storage Company, Inc., in the sum of $414.44, together with legal interest from the date of judicial demand until paid. All costs of the proceedings in the trial court and of this appeal are to be borne by the defendant-appellant.
Amended in part; affirmed in part; reversed in part; and recast.